UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANGANEKA L. PHILLIPS,

    Plaintiff,                                    Case Number 15-10525
                                                        Honorable David M. Lawson

v.

UAW INTERNATIONAL, BRIAN JOHNSON,
an individual, DAVE KEGALS, an individual,
MGM GRAND DETROIT, LLC, a foreign
limited liability company, and ROZELL
BLANKS, an individual,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER THAT PLAINTIFF DOES NOT HAVE TO FILE EXPERT REPORTS FOR HER TREATING PHYSICIANS

Before the Court is a motion filed by the plaintiff, styled as a motion for protective order, seeking clarification on her disclosure obligations under Federal Rule of Civil Procedure 26(a). Apparently, she intends to call at trial treating physicians who will give testimony in the form of an opinion under Federal Rule of Evidence 702, but those potential witnesses have not furnished reports under Civil Rule 26(a)(2)(B) within the time set out in the Case Management and Scheduling Order, which is August 3, 2015. Instead, the plaintiff made a disclosure on September 15, 2015 that "Plaintiff has not retained any expert witnesses in this matter, but will rely upon Plaintiff's treating physicians to provide testimony regarding Plaintiff's emotional damages."

On October 1, 2015, the Court held a status conference at which the plaintiff's attorney explained that he did not file a written report drafted by the witness under Rule 26(a)(2)(B) because the plaintiff's treating physicians were not retained to provide expert testimony. The plaintiff correctly observes that the disclosure obligations of Rule 26(a)(2)(B)(i)-(vi) apply only to witnesses

who will "present evidence under Federal Rule of Evidence 702, 203, or 705" and who were "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Treating physicians usually do not trigger that requirement. *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) (holding that "a report is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment").

That does not end the matter, however, or fully answer what appears to be the plaintiff's concern. The Supreme Court amended Rule 26(a)(2) in 2010 to address the disclosure requirements for witnesses who will be offering expert opinions but who do not fit the description of those who are required to draft reports. For those witnesses, a party must disclose to the other party "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The disclosure may be made by counsel — not the expert himself — and generally may be "considerably less extensive than the report required by Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(a)(2), Advisory Committee Notes to 2010 amendments. But they must be "made at the time and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(D).

It is not clear from the motion papers whether the plaintiff intends to ask her treating physicians to testify to matters beyond the "permissive core on issues pertaining to treatment." Therefore, it is difficult to determine whether the failure of those witnesses to produce a report described by Rule 26(a)(2)(B)(i)-(vi) would invoke the preclusion sanction mandated by Rule 37(c)(1). (When a party fails to make the disclosures required by Rule 26(a), the party is not

allowed to use the witness to supply evidence at trial unless it establishes that the failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)). If the plaintiff's expert witnesses would not be required to furnish a report under Rule 26(a)(2)(B), the plaintiff may have satisfied Rule 26(a)(2)(C) by making other disclosures throughout the discovery period allowed in this case, through, for example, answers to interrogatories to document productions. But that information is lacking here as well. The Court cannot determine from the information provided whether the plaintiff's treating physicians will be able to furnish evidence at trial in this case.

Under the case management order, the plaintiff's expert disclosures were due on August 3, 2015. The plaintiff states that she served her initial expert disclosures on September 15, 2015, six weeks after the deadline had expired. If the plaintiff requires relief from the scheduling order, she will have to make a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), in (1) a stipulation by the parties or (2) a motion to extend the disclosure date, which states that concurrence was sought and refused.

The plaintiff has not explained why the original expert disclosures were six weeks late, nor has the plaintiff offered reasons sufficient to show good cause why a request to extend a scheduling order date should be granted now. Therefore, the plaintiff's request for leave to file expert reports for her treating physicians is denied without prejudice. If the plaintiff has not otherwise made the necessary disclosures, she may file the appropriate motion showing good cause why the scheduling order should be modified.

Accordingly, it is **ORDERED** that the plaintiff's motion for a protective order clarifying that the plaintiff was not required to make disclosures under Federal Rule of Civil Procedure 26(a)(2)(B)

[dkt. #30] is **DENIED** without prejudice.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   October 19, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 19, 2015.

                        s/Susan Pinkowski  
                        SUSAN PINKOWSKI