UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANGANEKA L. PHILLIPS,

                Plaintiff,                    Case Number 15-10525
                                                    Honorable David M. Lawson

v.

UAW INTERNATIONAL, BRIAN JOHNSON,
an individual, DAVE KEGALS, an individual,

                Defendants.

_____/

**<u>ORDER DENYING MOTION FOR RECONSIDERATION</u>**

This matter is before the Court on the plaintiff's motion for reconsideration of the Court's opinion and order granting the defendants' motion for summary judgment. The Court has reviewed the plaintiff's motion and finds that she has failed to identify any palpable defect in the Court's opinion. The Court therefore will deny the motion.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

As an initial matter, it is important to note that the plaintiff's sole claim under Title VII was that defendant UAW International created a hostile work environment. The plaintiff initially appeared to raise claims for disparate treatment and retaliation under Title VII and the state law

analog, but offered no argument in defense of either claim in the briefing, and confirmed at oral argument that the plaintiff was proceeding on a hostile-work-environment theory only.  In the opinion granting the defendants' motion for summary judgment, the Court noted that "[c]ertainly, labor unions can be liable under Title VII for discriminating on the basis of race against individuals seeking union membership or participating in union activities, or classifying members by race, or referring members for work opportunities on the basis of race, or causing an employer to discriminate against an individual on the basis of race." *Phillips v. UAW Int'l*, --- F. Supp. 3d ---, No. 15-10525, 2016 WL 759347, at *9 (E.D. Mich. Feb. 26, 2016) (citing cases).  However, as the Court explained, the union defendant "may not be held accountable under 42 U.S.C. § 2000–2(c) on a hostile work environment theory, because that section does not prohibit a labor union from 'discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment.'"  *Ibid.*

The plaintiff makes two arguments in support of her motion for reconsideration:  (1) the Court erred by "mistakenly th[inking] the Plaintiffs were employees of the unions in the First, Third, Ninth, and D.C. Circuit cases cited by Plaintiff when clearly they were employed by various companies/police department;" and (2) the Court erred by "determining that Defendant[] UAW was not Plaintiff's employer."

The first argument appears based on an exchange between the plaintiff's counsel and the Court at oral argument.  During oral argument, the plaintiff's counsel asserted that "the First, the Third, the Eighth, the Ninth and the D.C. Circuits have all found that Title VII [] allows hostile work environment claims against a labor union."  The Court responded by observing that with the exception of the Eighth Circuit, the cases relied on by the plaintiff dealt with labor unions as

employers.  In the plaintiff's motion to reconsider, the plaintiff cites the following four cases: *Dixon v. Int'l Bhd. of Police Officers*, 504 F.3d 73 (1st Cir. 2007), *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *aff'd* 482 U.S. 656 (1987). *Woods v. Graphic Commc'ns*, 925 F.2d 1195 (9th Cir. 1991), and  *Macklin v. Spector Freight Sys., Inc.*, 478 F.2d 979, 996 (D.C. Cir. 1973).  However, none of these cases were cited in the plaintiff's response brief, nor were they cited at oral argument. Not surprisingly, the Court made no comments related to those cases at oral argument.

Nonetheless, even if the plaintiff had cited the above four cases, the result would have been the same because the cases do not support her position.  With the exception of *Woods*, none of the cases address a claim for a hostile work environment.   And in *Woods*, the court discussed the possibility of finding a union liable under Title VII "for acquiescing in a racially discriminatory work environment."   But the claim ultimately was resolved on state law grounds because the defendant union's actions constituted more than mere passivity.   *Woods*, 925 F.2d at 1200. Moreover, acquiescing to a hostile work environment created by the employer is not the claim made by the plaintiff here.  The plaintiff's theory was that defendant UAW International "created a hostile work environment which substantially interfered with the terms and conditions of her employment and membership in the union due to her race" under 42 U.S.C. § 2000e–2(c).  Response at 15.  She argued that

> a labor organization cannot be held liable for the hostile work environment created by the employer.  In this case, like *Goeller* and *Dowd*, Plaintiff contends that Defendant union created a hostile work environment which substantially interfered with the terms and conditions of her employment and membership in the union due to her race.

*Ibid*.

Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . race." 42 U.S.C. § 2000e–2(a)(1).  As the Court explained in its earlier opinion, a "hostile work environment theory grows out of 42 U.S.C. § 2000e–2(a)(1)'s language," *Kasper v. City of Middletown*, 352 F. Supp. 2d 216, 233-34 (D. Conn. 2005) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)), because a hostile work environment affects an employee's "compensation, terms, conditions, or privileges of employment," 42 U.S.C. § 2000e–2(a)(1).  The plaintiff, however, brought her claim under the labor organization provision, which does not have parallel language.  *See* 42 U.S.C. § 2000e–2(c).  The plaintiff argued that her hostile-work-environment claim was rooted in section 2000e–2(c)'s language that it is unlawful for a labor organization to "otherwise to discriminate against" an individual.  *Ibid.*  Indeed, the Eighth Circuit found as much.  *Dowd v. United Steelworkers of Am., Local No. 286*, 253 F.3d 1093, 1102 (8th Cir. 2001).  Nonetheless, this Court explained that it was not persuaded by the Eighth Circuit's statutory interpretation in *Dowd*, and instead found that to hold a labor union liable for creating a hostile work environment, the union must be acting as an employer under section 2000-e2(a)(1).  *See e.g. Ferroni v. Teamsters, Chauffeurs & Warehousemen Local No. 222*, 297 F.3d 1146, 1151 (10th Cir. 2002).

In her motion to reconsider, the plaintiff has changed her theory and now argues that "a union may be held liable for a hostile work environment where it 'acquiesced or joined in' to an employer creating a hostile work environment."  Pl.'s Mot. to Reconsider at 7.  However, motions for reconsideration are not intended to be used "'to raise arguments which could, and should, have been made before judgment issued.'"  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

-4-

A motion hearing is not a proving ground for test-driving legal theories, only to have the broken ones re-engineered in a rehearing motion. The Sixth Circuit has firmly established the rule that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). The Court plainly did not misinterpret cases that were never presented to it. And the newly-cited cases do not support the plaintiff's argument in any event.

The plaintiff's second argument is that the Court misapplied the law when it determined that defendant UAW International was not the plaintiff's employer. The plaintiff reasons that she was employed by the local union, who was under the control of the international union, and was therefore an employee of the international union under the common law agency test. The plaintiff then argues that defendant UAW International had the right to control the local union because it could place the local union under an administratorship. She further argues that even without placing the local union under an administratorship, defendant UAW International had sufficient control over the local union to warrant finding that it was the plaintiff's employer within the meaning of Title VII. But the Court already has rejected that chain of reasoning. The plaintiff's motion seeks merely to relitigate the same issues already considered and decided by the Court in its opinion granting the defendants' motion for summary judgment, and it relies on the same authorities she cited previously. "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

The plaintiff has not demonstrated a palpable defect in the Court's previous opinion.

Accordingly, it is **ORDERED** that the plaintiff's motion to reconsider [dkt. #49] is

**DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  May 19, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on May 19, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI